THE STATE, WILLIAM P. EDGAR, PROSECUTOR, v. FREDERICK F. ANNESS.

1. If a defendant in an action in a justice's court, not having filed a plea of title and given bond pursuant to section 25 of the Small Cause act, at the trial offers to prove legal title to land either in himself or in a third person under whom he justifies the act for which he is sued, the justice should refuse the offer, and proceed to determine the cause without regard to such offer.
2. If the offer is to prove absence of title merely in the plaintiff, and such evidence is relevant, the justice should dismiss the action for want of jurisdiction.

On *certiorari* bringing up a dismissal of a cause in the Court of Common Pleas of Middlesex county, upon appeal from the judgment of a justice of the peace.

For the prosecutor, *E. Cutter*.

For the defendant, *E. W. Savage*.

Argued at June Term, 1885, before Justices KNAPP and REED.

The opinion of the court was delivered by

REED, J. This action was brought in a justice's court. It was brought in trespass for cutting, carrying away and converting to the use of the defendant three tons of salt grass growing upon a tract of land containing two and a half acres, the property of the plaintiff. There was a verdict by a jury in favor of the plaintiff and judgment thereon.

An appeal was lodged in the Common Pleas. When the cause came on for trial the counsel for the defendant moved that the suit be dismissed upon the ground that the title to real estate came in question.

The court ordered that the suit be dismissed and the judgment below be reversed, and that the defendant recover costs of suit to be taxed.

It appears from a return made by the judges in response to a rule upon them, that in the trial in the Court of Common Pleas the following was the course of events: The plaintiff relied upon possessory acts exerted by him upon the land in question as the only evidence of his interest in the land from which the hay was cut. When the plaintiff rested his case the defendant proceeded with his defence.

He offered a surveyor who located the *locus in quo* within the description contained in a deed from one Freeman to one Samuel A. Meeker, and alleged that he, the defendant, had authority from an executor of said Meeker, deceased, who was in possession of a part of the premises, to enter upon the same.

The plaintiff objected to the admission of this testimony. The defendant moved that the suit be dismissed, and it was dismissed as already stated, on the ground that title to land came in question and so the court had no jurisdiction.

In regard to the proper judicial conduct of justices' court and Courts of Common Pleas, upon appeal in actions where evidence of title to land is proffered, the following propositions may be regarded as settled by former adjudications:

*First.* That in actions involving a trespass upon land, if the plaintiff rests his case upon proof of a possession in fact

Edgar v. Anness.

which was invaded, no question of title within the meaning of the Justices' act arises. If, however, his case rests not upon an actual possession, but upon a constructive possession, arising from the fact that he has documentary or other legal title, such legal title is not provable in these courts, and the action must be dismissed. *Hill* v. *Carter,* 1 *Harr.* 87 ; *Campfield* v. *Johnson,* 1 *Zab.* 83 ; *Gregory* v. *Kanouse,* 6 *Halst.* 62 ; *Dickerson* v. *Wadsworth,* 4 *Vroom* 357 ; *Osborne* v. *Butcher,* 2 *Dutcher* 308.

*Second.* If in any action in these courts the defendant proffers in evidence testimony which, if established, is a defence, and such testimony involve the establishment of legal title in the defendant or a third party, such testimony is not admissible.

*Third.* If such offer on the part of the defendant is to prove legal title in him or in a third person under whose authority the defendant justifies the act for which he is sued, then if he has not filed a plea of title and given bond pursuant to the provisions of the twenty-fifth section of the Small Cause act, the court may proceed to judgment without regard to such offer. *Messler* v. *Fleming,* 12 *Vroom 108.*

*Fourth.* If the offer on the part of the defendant is not to prove title in himself, or in some third party, under whose authority he justifies, but is to prove absence of title in the plaintiff merely, the action should be dismissed. *Messler* v. *Fleming, supra.*

The facts in the present case bring it within the third proposition. The plaintiff having rested his right to the *locus in quo* upon proof of an actual possession, the defendant puts his defence upon an entry justifiable under an authority derived from a third person who had the legal title. Had he interposed a plea of title and filed a bond, the action in the court below would been arrested at that point.

He did not do so, and therefore placed himself in the position of waiving his defence so far as it rested upon a justification by reason of having himself the legal title, or by reason of having authority from some one in whom such title resided.

The action, so far as this point was involved, should have been decided upon the other evidence in the cause, and not dismissed for want of jurisdiction.

There was, however, as appears by the record before us, another obstacle in the way of the Court of Common Pleas entertaining the action at all. The case was never legally before the appellate court for trial. This appears from the fact that the action in the court below was tried by a jury, that an imperfect affidavit for appeal was filed with the justice, and a motion was made in the Court of Common Pleas to dismiss the appeal upon that ground, which motion was refused. The affidavit was in the following words : " The appeal is not taken for the purpose of delay, but in good faith, for the reason that he, the defendant, is advised by his counsel that the judgment entered before the justice is erroneous and will be reversed upon appeal." While rigid verbal conformity to the words of the statute is not now required, yet it must appear from the affidavit that the appeal is not prosecuted for the purpose of delay, and that the party believes he has a just and legal defence upon the merits. *Snover* v. *Tinsman*, 9 *Vroom* 210, and cases there cited. The second requirement does not appear in the affidavit filed in this case.

The affiant says that he is advised by his counsel that certain facts exist. This is not the oath required by the act. Then, again, he does not say that he is even advised that he has a just and legal defence upon the merits, but says that for some cause, technical it may be or otherwise, the judgment before the justice is erroneous and will be reversed. This affidavit failed in letter and substance to meet the statutory requirement, and should have been so treated by the appellate court. That court should have dismissed the appeal.

The judgment of the Common Pleas dismissing the action and reversing the judgment below is now reversed, with costs.